| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **FILED ELECTRONICALLY** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
)
CELTIC WOMAN LTD.,                              )
                                                )
    Plaintiff,                                  )
                                                )       08-CV-0066 (TPG)
        - against -                             )
                                                )
CELTIC THUNDER LTD.,                            )
CELTIC MAN LTD., SHARON                         )
BROWNE, WLIW LLC,                               )
ALIGN ENTERTAINMENT LLC                         )
and GUSTAVO SAGASTUME                           )
                                                )
    Defendant.                                  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF DEFENDANT WLIW LLC IN OPPOSITION TO**
**MOTION FOR PRELIMINARY INJUNCTION**

Jeremy Feigelson (JF-4963)
Susan A. McMahon (SM-4709)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant WLIW LLC*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ................................................................................................1

ARGUMENT.....................................................................................................................3

    I.    The motion is moot because there is nothing to enjoin ...............................3

CONCLUSION..................................................................................................................4

## TABLE OF AUTHORITIES

### FEDERAL CASES

Am. Exp. Travel Related Servs. Co., Inc. v. MasterCard Int'l Inc., 776 F. Supp. 787 (S.D.N.Y. 1991) ..................................................................................................3

Bourne v. Walt Disney Co., 67 U.S.P.Q. 2d 1199 (S.D.N.Y. 2003) ...................................3

Consumers Union of United States v. Gen. Signal Corp, 724 F.2d 1044 (2d Cir. 1983)..............................................................................................................................3

Organizational Techs., Inc. v. Dun & Bradstreet Corp. Found., 44 U.S.P.Q. 2d 1533 (S.D.N.Y. 1997) .................................................................................................4

### MISCELLANEOUS

13A Arthur R. Miller & Edward R. Cooper, *Federal Practice & Procedure* § 3533.5 (2007) ........................................................................................................3

**Preliminary Statement**

Defendant WLIW LLC ("WLIW") opposes as moot the motion of plaintiff Celtic Woman Ltd. ("Plaintiff") for a preliminary injunction. This lawsuit concerns the potential use of the trademarks CELTIC MAN and CELTIC WOMAN in conjunction with a March 2008 television program. WLIW has voluntarily eliminated any trademark use of either term in connection with its upcoming broadcast. Accordingly, there is nothing for the court to enjoin and the motion should be denied.

**Statement Of Facts**

WLIW is a public television station in the New York area. Its sole involvement in this dispute is its scheduled March 2008 broadcast of "Celtic Thunder," a musical production created by Defendants Celtic Thunder Ltd., Celtic Man Ltd., and Sharon Browne (the "Celtic Thunder Defendants"). In connection with that broadcast WLIW also will distribute CDs and DVDs of "Celtic Thunder" as gifts to viewers who pledge funds to the station. Plaintiff is the current rights holder in a show called "Celtic Woman" that was originally created and produced by Ms. Browne. When Plaintiff filed its motion, the title of the March 2008 television show was "Celtic Man in Celtic Thunder," and promotional materials referred to Sharon Browne as the creator of "Celtic Woman." Plaintiff contended that CELTIC MAN infringed CELTIC WOMAN, and that references to Ms. Browne as "creator of Celtic Woman" also were infringing. Plaintiff's Memorandum in Support of Preliminary Injunction (Jan. 10, 2008) at 17-18.

2

The sworn declaration of WLIW's president, Terrell Cass, confirms that the show to be broadcast on WLIW is now simply known as "Celtic Thunder," and will not utilize CELTIC MAN or be promoted through references to CELTIC WOMAN.  Declaration of Terrel Cass ("Cass Decl.") ¶¶ 3-4 (Feb. 1, 2008).  All references to CELTIC MAN and CELTIC WOMAN have been removed from the WLIW broadcast and from associated promotional materials and merchandise, including from the WLIW website and from the promotional CDs and DVDs that will be available to WLIW viewers.  *Id.* ¶ 5-6 & Ex. A.  In short, with a limited exception that is not relevant here, WLIW will make no reference at all to CELTIC MAN or CELTIC WOMAN.[1]  WLIW is committed to maintain these practices going forward.  *Id.* ¶ 7.

---

[1] The exception is that there may be incidental references in biographical materials or press interviews to the fact that Ms. Browne, or others involved with "Celtic Thunder," formerly were involved with the "Celtic Woman" show.  This past involvement is an undisputed historical fact, and these would be non-trademark usages.

**Argument**

I.   **The Motion Is Moot Because There Is Nothing To Enjoin**

The motion for a preliminary injunction should be denied as moot because it asks the Court to enjoin actions that WLIW is no longer taking. The WLIW show that formerly was to be called "Celtic Man in Celtic Thunder" is now known as just "Celtic Thunder." There is no use of CELTIC MAN or any promotional use of CELTIC WOMAN; and WLIW has firmly committed that there will be no such uses going forward. Plaintiff's motion thus should be denied. *See, e.g.*, *Am. Exp. Travel Related Servs. Co., Inc. v. MasterCard Int'l Inc.*, 776 F. Supp. 787 (S.D.N.Y. 1991) (denying preliminary injunction under Lanham Act where allegedly misleading commercial had been revised); 13A Charles Alan Wright, Arthur R. Miller & Edward R. Cooper, *Federal Practice & Procedure* § 3533.5 (2007) (voluntary cessation of challenged conduct moots civil suit where there is no reasonable expectation of recurrence).

The mootness of the motion is confirmed by the fact that WLIW has taken specific steps to implement its commitment. *See* Cass Decl. ¶¶ 3-6; *Consumers Union of United States v. Gen. Signal Corp,* 724 F.2d 1044, 1053 (2d Cir. 1983) (motion for preliminary injunction was moot where defendant not only promised to change the challenged advertisement but provided evidence that it had already done so). WLIW's commitment is plainly stated in the declaration of its president and general manager, Terrel Cass. *See Bourne v. Walt Disney Co.*, 67 U.S.P.Q.2d 1199 (S.D.N.Y. 2003) (motion moot where affidavit by defendant's vice president of legal affairs asserted that defendant had ceased distribution of copyright-infringing videos).

3

There is no chance of reversion; WLIW is committed to airing a show called simply "Celtic Thunder," without reference to CELTIC MAN or CELTIC WOMAN. There will be no going back; the CDs and DVDs for distribution to WLIW viewers are already in production and do not include any reference to CELTIC MAN or CELTIC WOMAN. Cass Decl. ¶ 5; *Organizational Techs., Inc. v. Dun & Bradstreet Corp. Found.*, 44 U.S.P.Q.2d 1533 (S.D.N.Y. 1997) (denying injunction barring future use of mark because "[t]here is no need . . . to curtail behavior that shows no sign of recurring").

### Conclusion

This Court should deny as moot Plaintiff's motion for a preliminary injunction, dismiss the complaint as to WLIW, and grant such other and further relief as the Court may deem appropriate.

Dated: New York, New York
       February 6, 2008

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: /s/ Jeremy Feigelson
Jeremy Feigelson (JF-4963)
Susan A. McMahon (SM-4709)

919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant WLIW LLC*