UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CELTIC WOMAN LTD., | ) |
|         Plaintiff, | ) **FILED ELECTRONICALLY** |
| | ) |
| | ) No. 08-CV-0066 (TPG) |
| CELTIC THUNDER LTD., | ) **PLAINTIFF'S REPLY TO** |
| CELTIC MAN LTD., SHARON | ) **COUNTERCLAIMS OF** |
| BROWNE, WLIW LLC, | ) **DEFENDANTS CELTIC THUNDER** |
| ALIGN ENTERTAINMENT GROUP LLC, | ) **LTD., CELTIC MAN LTD. AND** |
| and GUSTAVO SAGASTUME, | ) **SHARON BROWNE** |
|         Defendants. | ) |

---

Plaintiff and counterclaim defendant Celtic Woman Ltd. reply as follows to the counterclaims asserted in the Amended Answer and Counterclaims of Defendants Celtic Thunder Ltd., Celtic Man Ltd. and Sharon Browne (the "Counterclaims"):

1. Denies the allegations of paragraph 165 of the Counterclaims.

2. Denies the allegations of paragraph 166 of the Counterclaims, except admits that, in or about 2002, Celtic Collections Ltd. ("Celtic Collections"), a record company then owned and controlled, in whole or in part, by Sharon Browne ("Browne"), produced a compilation of recorded musical compositions entitled "The Best of Celtic Woman" featuring Irish female singers (the "Original Compilation Album"), and that the Celtic Woman show achieved success under the ownership of Liffey Records Ltd. and Celtic Woman Ltd.

3. Denies the allegations of paragraph 167 of the Counterclaims except, insofar as Defendants purport to describe or construe in paragraph 167 certain unidentified publicity

materials, Plaintiff respectfully refers the court to such materials for a complete and accurate description of their contents, and admits that David Downes is the musical director of the CELTIC WOMAN show and that David Kavanagh provided financial backing for the CELTIC WOMAN show.

   4.  Denies the allegations of paragraph 168 of the Counterclaims, except, insofar as Defendants purport to describe or construe in paragraph 168 the content of the CELTIC WOMAN website, Plaintiff respectfully refers the court to the CELTIC WOMAN website for a complete and accurate description of its contents, and admits that Browne has not been accorded any credit in connection with CELTIC WOMAN shows and products produced since mid-2006 when Browne departed Celtic Collections Ltd. and ceased any role or further participation in CELTIC WOMAN activities.

   5.  Denies the allegations of paragraph 169 of the Counterclaims, except insofar as Defendants purport to describe or construe in paragraph 169 the content of the HIGH KINGS website, Plaintiff respectfully refers the court to the HIGH KINGS website for a complete and accurate description of its contents, and admits that Browne has had no involvement with or participation in the High Kings production.

   6.  Denies the allegations of paragraph 170 of the Counterclaims, except insofar as Defendants purport to describe or construe in paragraph 170 the terms and provisions of a certain Deal Memo executed June 3, 2004, a share purchase agreement dated July 27, 2004 and a certain letter agreement dated January 21, 2005 (incorrectly dated as 2004), as to which Plaintiff respectfully refers the court to such documents for a complete and accurate recitation of their terms and provisions, and lacks knowledge or information sufficient to form a belief as to when Browne began "building" the companies Celtic Man Ltd. and Celtic Thunder Ltd.

7.  Denies the allegations of paragraph 171 of the Counterclaims, except admits that, to date, Browne has not received any payments from David Kavanagh's percentage of net profits from the CELTIC WOMAN show and merchandise.

8.  Denies the allegations of paragraph 172 of the Counterclaims, except insofar as Defendants purport to describe or construe in paragraph 172 United States Trademark Registration Nos. 3,290,299 and 3,306, 488, as to which registration documents Plaintiff respectfully refers the court for a complete and accurate description of their contents.

9.  Denies the allegations of paragraph 173 of the Counterclaims, except insofar as Defendants purport to describe or construe in paragraph 173 United States Trademark Registration No. 3,263,503, as to which registration document Plaintiff respectfully refers the court for a complete and accurate description of its contents.

10. Denies the allegations of paragraph 174 of the Counterclaims

11. As to paragraph 175 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

12. Paragraph 176 of the Counterclaims alleges legal conclusions as to which no response is required.

13. Denies the allegations of paragraph 177 of the Counterclaims.

14. Denies the allegations of paragraph 178 of the Counterclaims.

15. Denies the allegations of paragraph 179 of the Counterclaims.

16. As to paragraph 180 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

17. Denies the allegations of paragraph 181 of the Counterclaims.

18. Denies the allegations of paragraph 182 of the Counterclaims.

19. Denies the allegations of paragraph 183 of the Counterclaims.

20. Denies the allegations of paragraph 184 of the Counterclaims.

21. Denies the allegations of paragraph 185 of the Counterclaims.

22. As to paragraph 186 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

23. Denies the allegations of paragraph 187 of the Counterclaims.

24. Denies the allegations of paragraph 188 of the Counterclaims.

25. Denies the allegations of paragraph 189 of the Counterclaims.

26. Denies the allegations of paragraph 190 of the Counterclaims.

27. Denies the allegations of paragraph 191 of the Counterclaims.

28. As to paragraph 192 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

29. Denies the allegations of paragraph 193 of the Counterclaims.

30. Denies the allegations of paragraph 194 of the Counterclaims.

31. Denies the allegations of paragraph 195 of the Counterclaims.

32. As to paragraph 196 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

33. Denies the allegations of paragraph 197 of the Counterclaims.

34. Denies the allegations of paragraph 198 of the Counterclaims.

35. Denies the allegations of paragraph 199 of the Counterclaims.

36. As to paragraph 200 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

37. Denies the allegations of paragraph 201 of the Counterclaims.

38. Denies the allegations of paragraph 202 of the Counterclaims.

39. Denies the allegations of paragraph 203 of the Counterclaims.

40. As to paragraph 204 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

41. Denies the allegations of paragraph 205 of the Counterclaims.

42. Denies the allegations of paragraph 206 of the Counterclaims.

43. Denies the allegations of paragraph 207 of the Counterclaims.

44. Denies the allegations of paragraph 208 of the Counterclaims.

45. Denies the allegations of paragraph 209 of the Counterclaims.

46. As to paragraph 210 of the Counterclaims, Plaintiff repeats and realleges its responses to the foregoing paragraphs of the Counterclaims as if fully set forth herein.

47. Denies the allegations of paragraph 211 of the Counterclaims.

48. Denies the allegations of paragraph 212 of the Counterclaims.

49. Denies the allegations of paragraph 213 of the Counterclaims.

WHEREFORE, Plaintiff denies that Defendants are entitled to any of the relief sought by the Counterclaims.

## General Defenses

50. Unless otherwise specifically admitted herein, each and every allegation set forth in the Counterclaims is hereby denied.

## First Affirmative Defense

51. The Counterclaims fail, in whole or in part, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### Second Affirmative Defense

52. The Counterclaims fail for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

### Third Affirmative Defense

53. The Counterclaims are barred by the doctrine of forum non conveniens and fail for lack of venue under Federal Rule of Civil Procedure 12(b)(3).

### Fourth Affirmative Defense

54. The Counterclaims fail to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

55. The Counterclaims fail for lack of consideration.

### Sixth Affirmative Defense

56. The Counterclaims are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or other equitable doctrines.

### Seventh Affirmative Defense

57. The Counterclaims are barred by the doctrine of acquiescence.

### Eighth Affirmative Defense

58. The Counterclaims are barred by the applicable statute of limitations.

### Ninth Affirmative Defense

59. The Counterclaims are barred by the doctrine of set-off.

Plaintiff reserves its right to assert any additional affirmative defenses which discovery may hereafter reveal to be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Counterclaims be dismissed with prejudice.

Dated: New York, New York
      March 31, 2008

*Attorneys for Plaintiff*

HINCKLEY, ALLEN & SNYDER LLP
Peter A. Herbert (PH-2581)
Eric D. Levin
Amy B. Spagnole

28 State Street
Boston, MA 02109
Tel: (617) 345-9000
Fax: (617) 345-9020

and

COWAN LIEBOWITZ & LATMAN

By: /s/ Richard S. Mandel
    Richard S. Mandel (RM-4884)

1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 790-9200
Fax: (212) 575-0671